May it please the court. I'd like to start by addressing new arguments raised by the state in its letter to the court in its amicus brief. The district court and the state are laboring under a misconception that there are two cases in this appeal. The first opportunity that Mr. Lopez had to appeal any decision from the first docket number was after the district court entered judgment in the second docket number. All the previous decisions in the first docket number were not appealable because there was no final decision under 28 U.S.C. section 1291. And the case of Mead v. Rely Star Life Insurance Company holds that a remand to an administrative proceeding is not a final judgment. That happened in the ERISA context. That's 768 F3rd 102 in 2011 from this court. There's a couple of consequences because of that. The first is that Dr. Goodman was served with the first complaint. Accordingly, the state has raised this forfeiture argument. The truth is that the defendant, Dr. Goodman, has forfeited every argument on this appeal. The statute of limitations is an argument that can be forfeited. The second consequence of that— Let me cut to something else. Sure. You say that your client, pro se, made or should be read as having made a continuing harm argument. Whether that argument can be made or not is unclear. But if we read him as having done so, reading a pro se argument very broadly, then the court's decision, sua sponte, to dismiss, creates problems because no one has been able to argue the merits. If we buy that that argument was raised below, isn't what we should do simply vacate and remand and send it back for the district court so that these questions can be argued before that court? Just say sua sponte was not the appropriate thing when an argument was made. Let's see whether that argument, or defenses to it, and everything else is there, rather than trying to decide a merit without another side, as we are now. Yes. That is one way that this court can resolve it. Would you object to that way? I would not object to that resolution. I do think that the court can advance the case even further and bring him back to the point where he was ready to have a trial on his deliberate indifference claim. And the way to do that would be to address the exhaustion piece of this so that the court could reverse on the exhaustion issue and essentially have him ready for trial so that somebody can go in and try the case on deliberate indifference. Once we say there is something there, isn't the appropriate way to put the whole thing before the district courts so that all of these questions can be argued out now with your client having a lawyer who can make the best case for him and the state coming in and telling us more than what they have in that brief, which frankly I didn't find very helpful because it didn't address these issues. We would not object to that. I think that the case can go forward even further if you are willing to look at the exhaustion issue because that is right before the court. The district court did make a decision on exhaustion, and if the court looks at the New York prison system quote-unquote administrative remedy and finds that it's inconsistent with the PLRA, then we can just move beyond all of that. But he eventually did exhaust. I'm not sure what we need to decide on exhaustion. Let me tell you what my fear is. My fear is when we get back to the district court, we're going to be met with a number of arguments on the statute of limitations that there's a failure to comply with the New York tolling rules. Well, that's a different question from exhaustion. I thought you were arguing we should reverse on exhaustion. I'm not quite sure what you mean by that. I mean the district court initially dismissed for failure to exhaust, but then the plaintiff did exhaust, and the final dismissal was on statute of limitations. Let me clarify here. If you reverse on exhaustion, you never reach the statute of limitations. Are you saying that we should see whether there was exhaustion at time one, the first one? Is that what you're asking us to look at? No. What I'm asking you to look at is under Blake v. Ross to say that the New York prison system exhaustion the quote-unquote administrative remedy does not satisfy the standards of Blake v. Ross. There was no need to exhaust because of the lack of transparency of the administrative code. Is that right? Correct. That would be the failure to exhaust the first time, and that would mean that no statute of limitations could come up because there was no need to exhaust at time one. Is that your argument? That's correct. So you want us to grapple with a much harder argument that conceivably puts at risk this entire administrative set of procedures. Well, to be fair, you've already done it in the Williams case. There was a case that was decided recently where they were. Was I not on the Williams panel? You were. So I don't remember doing that. Well, you grappled with the issue. The result may not have been an entire invalidation, but you certainly did grapple with the issue. And you could say narrowly in this case, you could say narrowly in this case, for the facts on this case, the New York prison system failed Mr. Lopez. And the reason why is because they point to the purpose section in their administrative remedies, and they say, look, we're not here to decide anything adversarial. If that is a difficult question and your client might win anyway because he raised a continuing defect, a continuing violation, and, therefore, when he did exhaust at time two, that was timely, then why should we decide? We tend to avoid deciding really difficult questions, and I must say with only a lawyer from one side in front of us, I'm particularly reluctant to get into a question that is that hard, even if Judge Lohier grappled with it before, or maybe because he grappled with it before. There's two answers to that. One is a pragmatic answer. It's that a case that is ready for trial has a much different force than a case that is still stuck in pretrial proceedings. And it means a lot. It would mean it is better for my client, and I have to represent their interest to push this case as far as I can. I understand why you're doing that, of course. The second issue is that I think it is, there is a problem with the New York prison system, and if there is an opportunity to correct that, the court ought to take that opportunity because it affects a broad swath of prisoners, and it's not just my client who would be suffering. It would be difficult to do that without having the state here. Well, that gets to my first original point, is they should be here. There's another question about service. We'll have a chance to do that. Excuse me? We'll have a chance to do that if we send this, if we vacate. But there is personal jurisdiction over them in this case, and they elected unilaterally not to file a brief. Not all of them, right? Some of them were not served? Dr. Goodman was served, and he is the principal defendant in this case. He is the one who made the decision not to check my client's blood levels. This is a case that should be tried. All of that may be true, and if the result of that was that your client lost case, then we couldn't do that. We'd have to go on even if they were not here. But if the question is whether this is the time for us to decide with an issue that is very difficult and may well come up anyway because if you lose on the question of whether this was continuing because the court below rules against you on that, then the question you are raising now will be before us, and it will be before us with the other side, and we'll have to decide it. Now, I understand why you would like us to say something about how terrible the New York system is. That isn't so much a matter of your client. It's a cause rather than a case, and that may well come up, but it should come up in a way that we can decide it intelligently. Well, as an alternative, ask the New York State prison system to file a brief, and I'll file a reply brief, and we can get to the issue. I also thought that one of your primary arguments was that the statute of limitations should have been told. That's correct. During the pendency of the underlying suit. Is that right? That's correct. I think that the state argues that it should be under the state tolling rules. I don't think that that's actually correct. I think it should be under federal tolling rules, and the reason why is Section 205 has a provision in it that says that the plaintiff must serve the defendants within six months. That is inconsistent with under Tomanio 446 U.S. 478. That is inconsistent with the revised PLRA, because the PLRA sets up a system whereby the judge does an initial screening of the complaint. And then under New York State law, the plaintiff has the ability to serve at any time. Under the federal system, he does not. And so there's no way that he can ensure that he meets the tolling rule. And as it happened in this case, there are two things that prevented him from doing so. One was he couldn't get it. He couldn't get the decision from the administrative panel. And the second was that the district court prevented him from serving because it found sui sponte that it was frivolous. So in this situation, the state tolling rule is actually inconsistent with the goals of the PLRA, which is to increase the quality of the suits but decrease the quantity. And so in that situation, you need to go to federal tolling rules, and under the federal tolling rules, you should decide on the facts of this case that the statute of limitations was told during the period for administrative exhaustion and a time period after that, the results, all the delay that results after that. But let me ask you just, if we buy your argument that this, that your client sufficiently is a pro se should be read to have read continuous violation, then we don't need to reach the question now of the tolling, do we? Then, again, we could reach it, but we don't need to because then we would say, sui sponte decision on that basis was wrong, and we send it back, and all this thing can be treated. Again, I fear that there's going to be some mischief at the district court, and the state's going to try to draw a distinction between the different types of claims that he has. And so I don't want to- As to the continuing violation doctrine. As to the continuing violation doctrine. There may, I'm not sure there will be an argument, but there may be an argument that some of his claims are time barred and some of them are not. So as a matter of law, it would be helpful that the court concludes that all of his claims are told that would be applicable to this case. Okay. Thank you. Thank you for taking on the case. Thank you. We will reserve decision.